IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **LORI RUHMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 12-cv-1150-JPG-CJP |
| | ) | |
| **CAROLYN W. COLVIN,** | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is now before the Court on the parties' joint Stipulation for Remand. (Doc. 22).

As an initial matter, the Court notes that Carolyn W. Colvin was named Acting Commissioner of Social Security on February 14, 2013.  Pursuant to Fed. R. Civ. P. 25(d), she is substituted as defendant herein.  No further action is necessary to continue this action by reason of the last sentence of 42 U.S.C. § 405(g). ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.")

The parties agree that this case should be remanded to the agency for further proceedings.  There are only two avenues for remanding a social security case.  Remand can be ordered pursuant to sentence four or to sentence six of 42 U.S.C. § 405(g).  A sentence four remand depends upon a finding of error, and is itself a final, appealable order.  In contrast, a sentence six remand is for the purpose of receipt of new evidence,

but does not determine whether the Commissioner's decision as rendered was correct. *See Melkonyan v. Sullivan*, 501 U.S. 89 (1991); Perlman *v. Swiss Bank Corporation Comprehensive Disability Protection Plan*, 195 F.3d 975, 978 (7th Cir. 1999).

Here, the parties stipulate that this case should be remanded pursuant to sentence four. In accordance with *Schaefer v. Shalala*, 509 U.S. 292, 302-303 (1993), judgment will be entered in favor of plaintiff.

The Court notes that plaintiff's application for benefits has been pending for over four years. She applied for benefits in July 2009, and the ALJ issued his decision in July 2011. (Tr. 12-26). Administrative remedies were not exhausted until August 2012, when the Appeals Council denied review. (Tr. 1). While recognizing that the agency has a full docket, the Court urges the Commissioner to expedite this matter to the extent practicable.

For good cause shown, the parties' Stipulation to Remand (Doc. 22) is **GRANTED**.

The final decision of the Commissioner of Social Security denying Lori Ruhman's application for social security benefits is **REVERSED** and **REMANDED** to the Commissioner for rehearing and reconsideration of the evidence, pursuant to sentence **four** of 42 U.S.C. §405(g).

The Clerk of Court is **DIRECTED** to enter judgment in favor of plaintiff.

**IT IS SO ORDERED.**
DATED: November 15, 2013

                                            s/J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **U.S. DISTRICT JUDGE**